UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER C. BENEDITH,<br><br>    Plaintiff,<br><br>    v.<br><br>CASE WESTERN RESERVE UNIVERSITY, et al.,<br><br>    Defendants. | Case No. 17-cv-05896-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 12 |

Before the Court is Defendant Best Buy Stores, L.P.'s motion to dismiss. ECF No. 12. For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiff Peter C. Benedith filed a complaint against Case Western Reserve University, Cuyahoga County of Ohio, the Department of Medicine at MetroHealth Medical Center, Geek Squad, Inc., and MetroHealth (collectively "Defendants"). The facts are difficult to discern from Benedith's complaint. The complaint appears to allege that the Defendants, a group of hospitals, governmental entities, and computer retail businesses, are responsible for the delay in publication for a book he was writing about one of the hospitals. ECF No. 1 at 4. According to Benedith, the Defendants sent a doctor from one of the Ohio hospitals to sit outside of his New York apartment as he drafted the book, to interfere with his keyboard. Id. Apparently, the data on Benedith's laptop became corrupted at some point, and Benedith alleges this is because of "tampering" by persons associated with the hospital. Id. Benedith alleges that Defendant Best Buy Stores, L.P. ("Best Buy"), improperly sued as Geek Squad, failed to recover the data corrupted from his laptop. Id. at 5. It is not clear from the complaint whether Benedith brought his laptop to Best Buy, or how the parties are otherwise related. Id.

Best Buy filed a motion to dismiss, arguing that Benedith failed to state a claim for relief. ECF No. 12. Best Buy summarized that the "Plaintiff is essentially attempting to impose liability upon Best Buy for not being able to retrieve corrupted data," which is not an actionable claim. Id. at 4. Benedith did not file a timely response, and did not Best Buy file a reply. The Court now considers the motion on the merits.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While this standard is not a probability requirement, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks and citation omitted).

While a court liberally construes the allegations of a pro se complaint, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

## III. DISCUSSION

Even applying the liberal pleading standards appropriate to a pro se litigant, Benedith's complaint does not set forth "facts to state a claim to relief that is plausible on its face."

---

[1] The Court does not construe Plaintiff's failure to file a timely response as a concession, and will assess the motion to dismiss on the merits. See Narog v. Certegy Check Servs., Inc., 759 F. Supp. 2d 1189, 1193 n.1 (N.D. Cal. 2011) (addressing motion to dismiss on the merits "[c]onsidering the Court's obligation to afford pro se plaintiffs the benefit of any doubt" and in light of "the Ninth Circuit's unequivocal pronouncement that a court may not grant a motion for summary judgment merely because the nonmoving party failed to file opposition papers" (citing Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir.2003)).

Twombly, 550 U.S. at 570. The standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.

Benedith's complaint does not describe any legal cause of action, nor any comprehensible facts that could give rise to a cause of action. ECF No. 1 at 4-5. While Benedith cites one law, 18 U.S.C. § 1030, this is a criminal law for fraud in connection with computers, and Benedith cannot bring a claim under criminal law. Id. at 4. Moreover, Benedith's factual allegations are incomprehensible, and the Court cannot conclude that they state a claim for relief. "Rule 8(a) has 'been held to be violated by a pleading that . . . was highly repetitious, or confused, or consisted of incomprehensible rambling.'" Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting Charles A. Wright & Arthur R. Miller, 5 Federal Practice & Procedure § 1217 (3d ed. 2010)).

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice as to Defendant Best Buy. When a court grants a motion to dismiss, it is normally required to supply pro se litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendmSent." Eldridge v. Block, 832 F. 2d 1132, 1335-36 (9th Cir. 1987). Plaintiff may file an amended complaint within 21 days of this order that addresses the deficiencies identified herein. If he does not file an amended complaint, the Court will assume that Benedith has abandoned the case.

**IT IS SO ORDERED.**

Dated: January 31, 2018

JON S. TIGAR
United States District Judge