United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER C. BENEDITH,<br><br>    Plaintiff,<br><br>v.<br><br>CASE WESTERN RESERVE UNIVERSITY, et al.,<br><br>    Defendants. | Case No. 17-cv-05896-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 19 |

Before the Court is Defendant Case Western Reserve University's motion to dismiss. For the foregoing reasons the Court grants the motion.

## I.    BACKGROUND

Plaintiff Peter C. Benedith filed a complaint against Case Western Reserve University ("Case Western"), Cuyahoga County of Ohio, the Department of Medicine at MetroHealth Medical Center, Geek Squad, Inc., and MetroHealth (collectively "Defendants"). The facts are difficult to discern from Benedith's complaint. The complaint appears to allege that the Defendants, a group of hospitals, governmental entities, and computer retail businesses, are responsible for the delay in publication for a book Benedith was writing about one of the hospitals. ECF No. 1 at 4. According to Benedith, the Defendants sent a doctor from one of the Ohio hospitals to sit outside of his New York apartment as he drafted the book, to interfere with his keyboard. Id. The data on Benedith's laptop apparently became corrupted, and Benedith alleges this was because of "tampering" by those associated with the hospital. Id.

Case Western moved to dismiss, arguing that the Court lacks personal jurisdiction over it, and the complaint fails to state a cognizable claim for relief. ECF No. 19 at 3. Benedith filed a late opposition, ECF No. 27, but the Court will consider the motion on the merits.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While this standard is not a probability requirement, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks and citation omitted).

While a court liberally construes the allegations of a pro se complaint, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

## III. DISCUSSION

### A. Lack of Jurisdiction

Case Western argues that the case should be dismissed for lack of personal jurisdiction. Case Western is a non-profit corporation formed under the laws of Ohio with a principal place of business in Ohio. ECF No. 19 at 10. The exercise of general or all-purpose jurisdiction is appropriate only if Case Western's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." Daimler AG v. Bauman, 134 S. Ct. 746, 749, 187 L. Ed. 2d 624 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). That Case Western is registered to do business in California as a foreign non-profit and operates a small school of engineering in San Diego does not make it "essentially at home" in California. See BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1559, 198 L. Ed. 2d 36 (2017) (that railroad had "over 2,000 miles of railroad track and more than 2,000 employees in Montana" insufficient for exercise of general jurisdiction); ECF No. 19 at 11 (providing that Case

Western employs only two individuals in California). The Court therefore lacks general personal jurisdiction over Case Western.

As to the facts alleged in the face of the complaint, the Court also lacks specific personal jurisdiction over Case Western. The complaint does not allege that Case Western took any actions in California, other than that the Defendants as a whole would "periodically send their white coat gangsters . . . to the State of North Carolina from Ohio, State of New York from Ohio, and the City of San Francisco from Ohio." ECF No. 1 at 4. The Court has explained that "random, fortuitous, or attenuated" contacts like these do not satisfy due process. Walden v. Fiore, 134 S. Ct. 1115, 1123 (2014). That Benedith moved to California does not make the state a proper forum for his lawsuit about events that largely appeared to occur out of state, against out of state defendants. "[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984).

**B.      Failure to State a Claim**

Case Western also argues that Benedith fails to state a claim. Case Western is correct that Benedith's complaint does not set forth "facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Even under liberal pro se pleading standards, Benedith fails to state a claim. Benedith appears to allege that Case Western and a number of other municipalities and health centers caused a doctor to sit in a car outside of Benedith's apartment in New York and interfere with his laptop, on which he was writing a book about the hospitals. ECF No. 19 at 8. Put simply, "[a]bsent from Plaintiff's complaint are any allegations explaining when or how Plaintiff believes [Case Western] accessed his laptop and damages his data." ECF No. 19 at 15. "Rule 8(a) has 'been held to be violated by a pleading that . . . was highly repetitious, or confused, or consisted of incomprehensible rambling.'" Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting Charles A. Wright & Arthur R. Miller, 5 Federal Practice & Procedure § 1217 (3d ed. 2010)). Under this

3

standard, Benedith fails to state a claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice. When a court grants a motion to dismiss, it is normally required to supply pro se litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." Eldridge v. Block, 832 F. 2d 1132, 1335-36 (9th Cir. 1987). Plaintiff may file an amended complaint within 21 days of this order that addresses the deficiencies identified herein. If he does not file an amended complaint, the Court will assume that Benedith is not continuing to prosecute his case.

**IT IS SO ORDERED.**

Dated: January 31, 2018

_____
JON S. TIGAR
United States District Judge